[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12171
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2010
JOHN LEY
CLERK

Agency Nos. A094-889-125, A094-889-126

LOURDES AMERICA PATINO DE SERRANO,
CARLOS EMILIO SERRANO RINCON,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 26, 2010)

Before DUBINA, Chief Judge, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioners Carlos Emilio Serrano Rincon ("Serrano") and derivative asylum applicant Lourdes America Patino de Serrano ("Patino"), natives and citizens of Colombia, proceeding *pro se*, petition us for review of the Board of Immigration Appeals's ("BIA") final order, affirming the Immigration Judge's ("IJ") denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Before the BIA, Serrano conceded the inconsistencies identified by the IJ in making an adverse credibility determination, but claimed that his mental condition caused his recollection to be inaccurate and rendered his testimony somewhat inconsistent.

On appeal, Serrano argues that he is eligible for asylum or withholding of removal and claims that his life would be in jeopardy if he was removed to Colombia because of past persecution by the FARC on account of his political opinion. He also claims that he has shown a well-founded fear of persecution. Serrano asserts that because of his mental issues, he should not have been the lead petitioner. He also argues that his attorney made multiple errors which the BIA did not consider. Serrano does not address the adverse credibility determination that the BIA relied on to deny his claim for relief.

We review our subject matter jurisdiction *de novo* and lack jurisdiction to consider claims not raised before the BIA. *Amaya-Artunduaga v. U.S. Atty. Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006). The BIA has the ability to hear an

ineffective-assistance-of-counsel claim. *See Sundar v. I.N.S.*, 328 F.3d 1320, 1325 (11th Cir. 2003) (describing exhaustion requirement and noting that another circuit had held the BIA can hear an ineffective-assistance claim); *see also Dakane v. U.S. Atty. Gen.*, 399 F.3d 1269, 1272-74 (11th Cir. 2005). Failure to establish a claim of asylum on the merits necessarily causes a claim for withholding of removal to fail. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005). A party abandons a claim by not raising it on appeal. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (finding that, where a party fails to offer argument on an issue, that issue is abandoned).

We review only the BIA's decision except to the extent the BIA expressly adopts the IJ's opinion or reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). However, where the BIA "affirmed and relied upon the IJ's decision and reasoning," we review the IJ's opinion, "to the extent that the BIA found that the IJ's reasons were supported by the record." *Tang v. U.S. Atty. Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009). To establish asylum eligibility, the alien must, with specific and credible evidence, establish past persecution on account of a protected ground, such as political opinion, or have a "well-founded fear" that the protected ground will cause such future persecution. 8 C.F.R. § 208.13(b).

We review a credibility determination under the substantial evidence test. *Chen v. U.S. Att'y. Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006). Likewise,

3

factual findings are reviewed under the substantial evidence test. *Al Najjar*, 257 F.3d at 1283. Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1284 (internal quotation marks omitted). "To reverse a factual finding by the BIA, [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." *Farquharson v. U.S. Att'y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001). The fact that evidence in the record may support a conclusion contrary to the administrative findings is not enough to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

An applicant's testimony, if credible, may be sufficient to sustain the burden of proof for asylum without corroboration. 8 C.F.R. § 208.13(a). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Forgue*, 401 F.3d at 1287. "[A]n adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant . . . . [and, if] the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence." *Id.* "Further, the IJ must offer specific, cogent reasons for an adverse credibility finding." *Id.* "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by

4

specific, cogent reasons or was not based on substantial evidence." *Id.* (internal quotation marks omitted).

Serrano has abandoned his claim for CAT relief by not raising it on appeal. Additionally, with regard to his argument about counsel's errors, that claim was not exhausted before the BIA. Last, there is no evidence in the record to support Serrano's claim that the mental impairment resulted from the beating he received from the FARC.

With regard to the adverse credibility determination, Serrano's brief on appeal does not raise the issue, thereby abandoning it. Even if we were to consider the adverse credibility determination, it was supported by substantial evidence, and Serrano's corroborating evidence did not establish persecution on account of a protected ground.

**PETITION DENIED.**